1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL MONDRAGON, an individual, | Case No.: SACV16-0834 DOC (JCGx) |
| Plaintiff, | **PROTECTIVE ORDER RE INTERNAL AFFAIRS INVESTIGATION REPORT** |
| vs. | |
| CITY OF ANAHEIM, a governmental entity; INVESTIGATOR JAMES RODRIGUEZ, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

IT IS HEREBY ORDERED, pursuant to stipulation of counsel, as follows:

1.      GOOD CAUSE

        GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of confidential and privileged information concerning the parties to this litigation, was created for purpose of obtaining legal advice and guidance from the City's legal adviser (City Attorney) and is protected by the  attorney-client private, work-product doctrine, official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation.  All documents marked confidential and produced

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

2.    DEFINITIONS

2.1    "Action": this pending federal law suit.

2.2    "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "Counsel": Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "House Counsel": attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    "Outside Counsel of Record": attorneys who are not employees of a

- 2 -

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   "Party": any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

- 3 -

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

1  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

2  with or without prejudice; and (2) final judgment herein after the completion and

3  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

4  including the time limits for filing any motions or applications for extension of

5  time pursuant to applicable law.

6  5.   DESIGNATING PROTECTED MATERIAL

7      5.1   Exercise of Restraint and Care in Designating Material for Protection.

8  Each Party or Non-Party that designates information or items for protection under

9  this Order must take care to limit any such designation to specific material that

10 qualifies under the appropriate standards.  The Designating Party must designate

11 for protection only those parts of material, documents, items, or oral or written

12 communications that qualify so that other portions of the material, documents,

13 items, or communications for which protection is not warranted are not swept

14 unjustifiably within the ambit of this Order.

15     If it comes to a Designating Party's attention that information or items that it

16 designated for protection do not qualify for protection, the Designating Party must

17 promptly notify all other Parties that it is withdrawing the inapplicable designation.

18     5.2   Manner and Timing of Designations. Except as otherwise provided in

19 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

20 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

21 under this Order must be clearly so designated before the material is disclosed or

22 produced.

23     Designation in conformity with this Order requires:

24     (a) for information in documentary form (e.g., paper or electronic

25 documents, but excluding transcripts of depositions or other pretrial or trial

26 proceedings), that the Producing Party affix at a minimum, the legend

27 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

28 contains protected material.  If only a portion or portions of the material on a page

- 4 -

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional

1  Vendors to whom disclosure is reasonably necessary for this Action and who have

2  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3      (g) the author or recipient of a document containing the information or a

4  custodian or other person who otherwise possessed or knew the information;

5      (h) during their depositions, witnesses, and attorneys for witnesses, in the

6  Action to whom disclosure is reasonably necessary provided: (1) the deposing

7  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

8  they will not be permitted to keep any confidential information unless they sign the

9  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

10  agreed by the Designating Party or ordered by the court.  Pages of transcribed

11  deposition testimony or exhibits to depositions that reveal Protected Material may

12  be separately bound by the court reporter and may not be disclosed to anyone

13  except as permitted under this Stipulated Protective Order; and

14      (i) any mediator or settlement officer, and their supporting personnel,

15  mutually agreed upon by any of the parties engaged in settlement discussions.

16  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

17  IN OTHER LITIGATION

18      If a Party is served with a subpoena or a court order issued in other litigation

19  that compels disclosure of any information or items designated in this Action as

20  "CONFIDENTIAL," that Party must:

21      (a) promptly notify in writing the Designating Party. Such notification shall

22  include a copy of the subpoena or court order;

23      (b) promptly notify in writing the party who caused the subpoena or order to

24  issue in the other litigation that some or all of the material covered by the subpoena

25  or order is subject to this Protective Order. Such notification shall include a copy

26  of this Stipulated Protective Order; and

27      (c) cooperate with respect to all reasonable procedures sought to be pursued

28  by the Designating Party whose Protected Material may be affected.

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

1  If the Designating Party timely seeks a protective order, the Party served with the
2  subpoena or court order shall not produce any information designated in this action
3  as "CONFIDENTIAL" before a determination by the court from which the
4  subpoena or order issued, unless the Party has obtained the Designating Party's
5  permission. The Designating Party shall bear the burden and expense of seeking
6  protection in that court of its confidential material and nothing in these provisions
7  should be construed as authorizing or encouraging a Receiving Party in this Action
8  to disobey a lawful directive from another court.

9  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10        If a Receiving Party learns that, by inadvertence or otherwise, it has
11  disclosed Protected Material to any person or in any circumstance not authorized
12  under this Stipulated Protective Order, the Receiving Party must immediately (a)
13  notify in writing the Designating Party of the unauthorized disclosures, (b) use its
14  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform
15  the person or persons to whom unauthorized disclosures were made of all the terms
16  of this Order, and (d) request such person or persons to execute the
17  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
18  A.

19  10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
20  PROTECTED MATERIAL

21        When a Producing Party gives notice to Receiving Parties that certain
22  inadvertently produced material is subject to a claim of privilege or other
23  protection, the obligations of the Receiving Parties are those set forth in Federal
24  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
25  whatever procedure may be established in an e-discovery order that provides for
26  production without prior privilege review. Pursuant to Federal Rule of Evidence
27  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
28  of a communication or information covered by the attorney-client privilege or

- 8 -

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11.   MISCELLANEOUS

11.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any

- 9 -

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

13.    VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

DATED:  December 07, 2016

_____
Honorable Jay C. Gandhi
U.S. District Court Magistrate Judge

* * * * * *Exhibit "A" on following page* * * * *

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Mondragon v. City of Anaheim, et al.*, United States

District Court case number SACV16-0834 DOC (JCGx). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action. I hereby appoint _____

[print or type full name] of _____ [print

or type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 11 -

PROTECTIVE ORDER RE
INTERNAL AFFAIRS INVESTIGATION REPORT